Thomas A. Aurelio, J.
Motion by one of the two stockholders in Capitol Bias Products, Inc., to void a purported election of directors of said corporation. The application presents the fairly typical situation of two formerly friendly business partners now at odds. The controversy concerns how far and how fast the son of one of the partners is to advance in the firm.
For more than 12 years, since the business was incorporated, no meetings of stockholders were held, no elections for positions on the board of directors took place, and few normal corporate functions were engaged in. The business was, in effect, a corporation in form, but a partnership in substance. Nevertheless, it presumably functioned smoothly until the recent falling-out. Only now have the parties seen fit to invoke the various technical provisions of the General Corporation Law — a law obviously not designed to encompass a two-man corporation. Only recently did Philip Schlosberg, the president of the corporation, call a special meeting of stockholders (consisting of himself and the petitioner), purportedly in strict conformity with section 22 of the General Corporation Law, to elect new directors. This meeting, however, was called less than one month after the date of the annual election meeting, which, without explanation, was never called and never held. Nor was there a failure to elect directors at an annual meeting, since no attempt to do so was ever made. The fact that the first annual meeting did not take place within one year after the filing of the certificate of incorporation, and, indeed, never took place, is not grounds for calling a special meeting more than 12 years later under the present circumstances. In addition, the date selected for the purported special meeting was designated by one director and not by the directors (of which there must be, at least, three), as prescribed by the aforesaid section. There has not been sufficient compliance with the statute, the special election meeting was not legally called and *989 the purported election of directors held must be voided. Moreover, the very form of this special meeting and the procedures adopted therein warrant a declaration of its irregularity. Admittedly, the documents relating to the election, the names of the inspectors of election, and the names of the successful candidates were all prepared and decided upon in advance of the meeting. The court cannot and will not allow such an abortive, undemocratic and illegal election to stand. Justice and fair play require much more. The motion is in all respects granted. Settle order including the date of a new election within one month of the publication of this decision and making provision therein for court-appointed inspectors of election to be paid by the corporation.